UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SUPERIOR SITE WORK, INC., DIVERSIFIED
CONSTRUCTION CORP., HARRISON
AVENUE PROPERTIES LLC,

       Plaintiffs,    **MEMORANDUM OF**
             **DECISION AND ORDER**
 -against-        14-cv-01061 (ADS)(SIL)

NASDI, LLC,

       Defendant.
---------------------------------------------------------------x
NASDI, LLC,

       Third Party Plaintiff,

 -against-

CASE FOUNDATION COMPANY, THE CITY
OF NEW YORK, and THE NEW YORK CITY
DEPARTMENT OF PARKS AND
RECREATION,

       Third Party Defendants.
---------------------------------------------------------------x

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiffs*
1 Corporate Drive
Suite 103
Bohemia, NY 11716
  By: Saul D. Zabell, Esq., Of Counsel

**The Law Office of John E. Osborn, P.C.**
*Attorneys for the Defendant and Third Party Plaintiff*
93–02 Sutphin Boulevard
Jamaica, NY 11435
  By: Daniel H. Crow, Esq., Of Counsel

**Peckar & Abramson**
*Attorneys for the Third Party Defendant Case Foundation Company*
41 Madison Avenue
20th Floor
New York, NY 10010
    By:    Alan H. Winkler, Esq., Of Counsel

**New York City Law Department, Office of Corporation Counsel**
*Corporation Counsel for Third Party Defendants the City of New York and the New York City Department of Parks and Recreation*
100 Church Street
Room 3-124
New York, NY 10007
    By:    Amanda M. Papandrea, Assistant Corporation Counsel

**SPATT, District Judge:**

This action arises out of a contract dispute between the parties. The contract concerned work related to the Ocean Breeze Indoor Athletic Facility in Staten Island, New York (the "Ocean Breeze Project"). The City of New York (the "City) and the New York City Department of Parks and Recreation (the "Parks Department") contracted with NASDI, LLC ("NASDI") to build the Ocean Breeze Project. NASDI allegedly subcontracted with Superior Site Work, Inc. ("Superior"), Diversified Construction Corp. ("Diversified"), and Case Foundation Company ("Case"). NASDI allegedly leased office space from Harrison Avenue Properties LLC ("Harrison") during the project.

Presently before the Court are three motions: 1) a motion by Case to either dismiss the third party complaint or hold the third party action in abeyance pursuant to the abstention doctrine; 2) a motion by the City and the Parks Department to hold the entire action in abeyance, or, in the alternative, for a judgment on the pleadings on the third party complaint pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c); and a motion by Superior, Diversified and Harrison to strike NASDI's third party complaint pursuant to Rule 12(f), or, in the alternative, to sever the third party action pursuant to Rule 14(a).

2

For the following reasons, the Court grants Case's motion to hold the third party action in abeyance; grants the City and the Parks Department's motion in part and denies it in part; and denies the motion to strike or sever as moot.

## I. BACKGROUND

### A. Procedural History

The procedural history is drawn from the pleadings filed with this Court, the motions filed by the parties, and affidavits and exhibits attached to those motions. Namely, the Court notes that the parties included, as exhibits attached to their memoranda of law, the New York State Supreme Court complaints for two cases mentioned below. The Court can take judicial notice of those filings. *See Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed with other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"); *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 424–25 (2d Cir. 2008) (holding it was proper for the district court to take judicial notice of, *inter alia*, state court complaints).

On November 20, 2012, Case brought an action in New York State Supreme Court, Richmond County, against NASDI and its surety bonding company, for money that Case claims it was owed on a subcontract ("the NYS bond action"). Case alleged breach of contract claims against NASDI and a payment bond claim against NASDI and its surety bonding company, seeking $2,228,777.64 for work performed on the Ocean Breeze Project.

On January 22, 2015, Case brought a second action in New York State Supreme Court, Richmond County. This was a public improvement lien action against NASDI and the City (the "NYS lien action"). Case amended its complaint to include Superior as a defendant. Case sought payment for the work it had performed on the Ocean Breeze Project pursuant to a contract with

3

NASDI, and to foreclose on a public improvement lien filed in connection with that project. NASDI filed crossclaims in the NYS action against Superior and the City, where it alleged that Superior and the City were responsible for Case's damages under a theory of indemnification. NASDI further set forth contractual defenses to Case's recovery.

The instant action was brought by Superior, Diversified, and Harrison against NASDI, on February 14, 2014. The complaint against NASDI alleges claims for breach of contract, and unjust enrichment in the alternative. NASDI asserted a counterclaim against Superior for defective and incomplete work. The Court entered a scheduling order on November 6, 2014, providing that new parties should be joined by January 9, 2015. (ECF No. 28).

NASDI filed two motions to dismiss. The Court granted in part and denied in part the first motion to dismiss, and denied its second motion to dismiss. During that time, Superior, Diversified and Harrison filed two amended complaints.

NASDI filed its first answer on March 11, 2016, which was an answer to the second amended complaint. On March 25, 2016, NASDI filed a third party complaint against Case, the City and the Parks Department. NASDI brought various claims sounding in breach of contract and indemnification.

On May 23, 2016, Case filed a motion to dismiss NASDI's third party complaint against it based upon the abstention doctrine. Case asked in the alternative that the Court stay the third party action.

On May 24, 2016, the City and the Parks Department filed a motion for a judgment on the pleadings. The City and the Parks Department also asked, in the alternative, that the Court stay the entire matter.

On June 22, 2016, Superior, Diversified, and Harrison filed a motion to strike NASDI's third party complaint as procedurally improper, or, in the alternative, to sever it.

**B. The Relevant Facts**

On March 5, 2010, NASDI entered into a contract with the City and the Parks Department to build the Ocean Breeze Project at 625 Father Capodano Boulevard, Staten Island, New York 10305. On June 30, 2010, NASDI entered into a subcontract with Case. Case agreed to perform certain construction work involving furnishing and installing auger cast piles for the Ocean Breeze Project's foundation.

On December 16, 2010, NASDI entered into a contract with Superior. Pursuant to its contract with NASDI, Superior, as a subcontractor, was to install the concrete foundation for the Ocean Breeze Project. Diversified is a wholly owned subsidiary of Superior. NASDI and Diversified entered into a contract where Diversified agreed to negotiate with subcontractors to get lower subcontracting prices for the Ocean Breeze Project, and in exchange Superior would receive fifty percent of NASDI's cost savings. Diversified alleges that it secured lower priced subcontractors, and that NASDI bought out its previous subcontractors to use Diversified's subcontractors. Diversified was also supposed to receive certain monies if certain qualifications were met.

The subcontractors Superior and Diversified allege that NASDI did not pay them the monies that they were owed under their contract. Case alleges similarly sought payment for the work it performed pursuant to a contract with NASDI related to the Ocean Breeze Project. NASDI alleges that Case did not install the auger cast piles satisfactorily, and that Superior, the Parks Department and the City are responsible for Case's damages.

Harrison leased office space to NASDI for a five-year term. Harrison seeks monies owed under its lease agreement with NASDI.

## II. DISCUSSION

The Court will first address whether it should abstain from exercising its jurisdiction over the third party action, because if the Court were to abstain, it would render the remaining motions moot.

### A. As to Whether the Court Should Abstain From Exercising Its Jurisdiction

**1. The Applicable Law**

The Supreme Court has stated:

> [a]bstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.

*Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 813–814, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). In *Colorado River*, the Supreme Court said that, in addition to two other abstention categories that were already established, federal district courts could abstain from exercising jurisdiction in exceptional circumstances, such as when parallel state court litigation could result in the "comprehensive disposition of litigation" and abstention would conserve judicial resources. *Id.* at 817–18. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (internal citations and quotations omitted); *Nat'l Union Firs Ins. Co. v. Karp,* 108 F.3d 17, 22 (2d

6

Cir. 1997) ("Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issue and relief sought are the same.").

If the state and federal suits are parallel, federal courts must consider six factors when evaluating whether *Colorado River* abstention is appropriate. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 2, 103 S. Ct. 927, 929, 74 L. Ed. 2d 765 (1983). The balance is "heavily weighted in favor of the exercise of jurisdiction." *Id.* The six factors are:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001).

### 2. Application to the Facts of this Case

#### a. As To Whether The State Cases And The Federal Case Are Parallel

As stated above, the Court must first make a preliminary determination as to whether the cases are parallel. If the cases are not parallel, the Court does not need to consider the six factors mentioned above. Courts look to the parties, the issues and the relief sought when determining whether cases are parallel. *Niagara Mohawk*, 673 F.3d at 100. "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 182 (E.D.N.Y. 2012) (internal citations and quotations omitted). However, there must "be a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Id.*

7

First, the Court addresses whether it will examine the entire federal action or only the third party action. Although the City and the Parks Department have asked the Court to stay the entire action, Case has moved only for the Court to stay the third party action. The initial parties to this action, Superior, Diversified, Harrison, and NASDI, state that the federal case between them is trial ready. Diversified and Harrison are not parties to the state cases, and therefore Harrison's claims would not be remedied by the state cases. Therefore, the Court will not stay the federal action brought by Superior, Diversified and Harrison against NASDI, and denies the City's motion to stay the action to that extent.

The Court will now examine whether the third party action is parallel to the state cases. It is within the Court's discretion to stay the third party action, where Diversified and Harrison are not parties. *See, e.g., Salomon v. Burr Manor Estates, Inc.*, 635 F. Supp. 2d 196, 201 (E.D.N.Y. 2009) (Spatt, J.) (denying a motion to stay a third party action after analyzing the *Moses H. Cone* factors); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Kunin*, No. 86-cv-7070, 1988 WL 96019, at *4 (S.D.N.Y. Aug. 24, 1988) (granting a motion to stay a third party action based on the abstention doctrine).

Here, the parties in the third party action and the state law actions are identical. Although the Parks Department is not a party to the state law claims, it is an administrative agency of the City and therefore cannot be sued as a separate entity. *See* New York City Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of N.Y.*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) (holding that "[t]he district court correctly noted that the NYPD is a non-suable agency of the City[,]" and citing New York City Charter § 396). Therefore, even if the Court holds the third party action in abeyance, the

Parks Department must be dismissed from this action, and the Court grants the City and the Parks Department's motion to that extent.

Upon a review of the claims, cross claims, and third party claims in the state cases and the federal third party action, it appears that the claims revolve around the same issues: whether Case adequately performed under its subcontract and whether the City is liable for any claims against NASDI. As NASDI admits, "these actions substantively correlate [] in the question of which party is responsible for the delay damages and extra work claims made by Superior and Case, relating to the auger cast pile installation on the Project." (NASDI's Mem. of Law at 5, ECF No. 84–1). Similarly, Case seeks damages in the state case, and NASDI seeks damages in the third party action. Although the claims are not identical at this stage in the NYS actions, there is a substantial likelihood that the cases could nevertheless dispose of all of the claims brought here. Of importance, every claim brought here is brought under New York State law.

Accordingly, the state law cases and the third party action are parallel and the Court will consider the six *Moses H. Cone* factors.

### b. As to the *Six Moses H. Cone* Factors

#### i. As To Whether The Controversy Involves A Res Over Which One Of The Courts Has Assumed Jurisdiction

Although Case argues that its NYS lien action is a proceeding *in rem*, the Court disagrees. Although "[a]ctions to foreclose mechanic's liens are *in rem* in nature," *York Hunter Const., Inc. v. Avalon Props., Inc.*, 104 F. Supp. 2d 211, 214 (S.D.N.Y. 2000) (citing *See* N.Y. LIEN LAW § 70), actions to foreclose public improvement liens are not. This is because mechanics' liens "may be enforced against [] [real] property," N.Y. LIEN LAW § 41, while public improvement liens "may be enforced against the funds of the state or the public corporation for which such public improvement is constructed." N.Y. LIEN LAW § 42; *see also Niagara Venture v. Sicoli & Massaro,*

9

*Inc.*, 77 N.Y.2d 175, 182, 566 N.E.2d 648, 653 (N.Y. 1990) (stating that "[public improvement] liens protect subcontractors who supply labor or material for an improvement on public lands—where mechanics' liens are unavailable . . . .").

Therefore, none of the actions involve a proceeding *in rem*, and the first factor weighs in favor of retaining jurisdiction.

### ii. As To Whether The Federal Forum Is Less Inconvenient For The Parties

Case and NASDI argue that there is no serious concern that Richmond County Supreme Court is more convenient than the Eastern District. However, the City contends in opposition that the Central Islip Courthouse is inconvenient. The Court believes that the Richmond County courthouse is less inconvenient than the Central Islip Federal Courthouse. The actions all center around the Ocean Breeze Project, which is in Richmond County. The City has offices throughout the five boroughs of New York City, including Richmond County, but does not have offices in Suffolk County. Case is a Pennsylvania corporation, and Richmond County is closer to Pennsylvania. Case and NASDI's counsel are based in New York County, closer to Richmond County than Suffolk County. Although the difference is not great, as the City points out, Central Islip is 60 miles away from the Ocean Breeze Project site while the Richmond County courthouse is down the road. "The distance between the state and federal fora has been deemed to render the federal forum inconvenient." *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 465 (S.D.N.Y. 2003).

Accordingly, the Court finds that the second factor weighs in favor of abstention.

### iii. As To Whether Staying The Third-Party Action Will Avoid Piecemeal Litigation

The City and Case argue that. if the Court exercises jurisdiction over the action, it will result in piecemeal litigation. On the other hand, NASDI states that if the Court were to exercise jurisdiction over the action, it would not necessarily create piecemeal litigation. The Court is concerned that if the third party action were to proceed, the result would be piecemeal litigation.

"The Supreme Court has stated that 'the most important factor in our decision to approve the dismissal in *Colorado River* was the clear federal policy of avoidance of piecemeal adjudication.'" *First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d 170, 188 (E.D.N.Y. 2012) (quoting *Moses H. Cone,* 460 U.S. at 16 (internal alterations omitted)); *see also Arkwright–Boston,* 762 F.2d at 211 (noting that, "[a]s in *Colorado River,* the danger of piecemeal litigation is the paramount consideration"); *Bull & Bear Grp. v. Fuller,* 786 F. Supp. 388, 392 (S.D.N.Y. 1992) (finding abstention appropriate where "avoidance of piecemeal litigation [was] strongly implicated"). However, the "mere potential for conflict in the results of the adjudications, does not, without more, warrant staying [the] exercise of federal jurisdiction." *Colorado River,* 424 U.S. at 816. The Second Circuit has said:

> [T]he primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties.

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 524 (2d Cir. 2001)

Here, NASDI's bond holder is not a party, and Case has asserted a breach of contract claim against them in its NYS bond action. Furthermore, Case's claims against NASDI, the City and Superior are not present in the third party action.

If the third party action were to proceed, both this Court and the New York State Supreme Court would eventually rule on whether Case had satisfied its obligations under its contract with NASDI, and whether the City was liable to NASDI. In this situation, there is a significant risk that the courts could issue conflicting or contradictory rulings. Furthermore, the parties would be forced to engage in duplicative discovery as well as repetitive motion practice. As the Court said in *Ferolito v. Menashi*, 918 F. Supp. 2d 136 (E.D.N.Y. 2013),

> [T]he federal and state courts would be considering the same issues and will likely hear similar pretrial motions, evidence, and witnesses. Allowing such similar actions to proceed in the federal and state courts under the circumstances would waste judicial resources and invite duplicative efforts. . . . Moreover, the possibility exists that the federal and state courts could come to conflicting decisions concerning the same events. This factor weighs heavily in favor of abstention.

*Id.* at 143.

NASDI states that it "would not object to splitting the Superior claims and NASDI's related third-party claims off from this federal action and remanding them to [the NYS lien action], leaving only the Diversified and Harrison claims left in this action." (NASDI's Mem. of Law at 10, ECF No. 84–1). The Court finds this logic to be sound. If the Court were to stay the third party action, only Diversified, Harrison and Superior's claims would remain. Case has similarly said that it would not oppose any amendments made by NASDI in state court to assert any of the claims that NASDI has asserted here. The City also references the NY CPLR rule allowing parties to amend their pleading, implying that it would similarly not oppose any motions to amend made by NASDI.

Accordingly, the Court finds that the third factor favors abstention.

### iv. As To The Order In Which The Actions Were Filed, And Whether Proceedings Have Advanced More In One Forum Than In The Other

The third party complaint was filed on March 25, 2016. It appears that the parties in the third party action have recently begun discovery, and that discovery in the entire case is about to close. However, apparently, no depositions have been taken in the third party action.

The New York State cases were brought in 2012 and 2015. NASDI states that no discovery has been taken in either state case, and that Superior has not appeared or otherwise answered in the NYS lien action. Case argues that because discovery has progressed so far in the federal case, and it has only just been joined, it will be unduly prejudiced. Nevertheless, Case has not yet answered NASDI's third party complaint in this action, and answers have been filed in both New York State Court actions.

As the state cases were filed before the third party action and Case has not yet answered the third party complaint, the fourth factor weighs in favor of abstention.

### v. As To Whether Federal Law Provides The Rule Of Decision

This is a diversity action, and NASDI has not brought any federal claims. If the Court were to exercise jurisdiction, it would analyze the claims under New York State law. Where state law provides the rule of decision, this factor weighs slightly in favor of abstention. *De Cisneros*, 871 F.2d at 309; *Ferolito*, 918 F. Supp. 2d at 143–44.

The Second Circuit has noted that "[a]s all diversity suits raise issues of state law, their presence does not weigh heavily in favor of surrender of jurisdiction." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of N.Y.*, 762 F.2d 205, 211 (2d Cir. 1985). Where, as here, "the state law issues are neither novel nor particularly complex, the absence of federal claims weighs only slightly in favor of abstention." *Carruthers v. Flaum,* 388 F. Supp. 2d 360, 377 (S.D.N.Y. 2005);

*see also Vill. of Westfield,* 170 F.3d at 124 ("[T]he absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex.").

Accordingly, the fifth factor weighs in favor of abstention.

### vi. As To Whether The State Procedures Are Adequate To Protect The Plaintiff's Federal Rights

The analysis of the sixth factor in this case is the same as the fifth factor, and therefore the sixth factor also weighs in favor of abstention. *See Ferolito v. Menashi*, 918 F. Supp. 2d 136, 144 (E.D.N.Y. 2013) ("The state court can adequately protect [the plaintiff's] rights. [The plaintiff] raises only state law claims against [the defendant], all of which can be sufficiently litigated in, and resolved by, the state court. This factor weighs in favor of abstention.").

### c. The Result

Therefore, because five out of the six *Moses H. Cone* factors favor abstention, the Court grants Case's motion to hold the third party action in abeyance. "[T]he interests of all parties will be better served by abstention because consolidation in state court could lead to more efficient factfinding and more reasoned decision-making on these ordinary garden variety issues of state law." *De Cisneros*, 871 F.2d at 309 (internal citations and alterations omitted).

### III. CONCLUSION

Accordingly, the Court grants Case's motion to hold the third party action in abeyance pending the outcome of the NYS Supreme Court cases. The Court grants the City and the Parks Department's motion to the extent that the Parks Department is dismissed from the action and the third party action is held in abeyance. The City's motion is denied to the extent that the entire action will not be held in abeyance. The motion by Superior, Diversified and Harrison to strike the third party complaint or to sever it is denied as moot.

The Clerk of the Court is respectfully directed to terminate the Parks Department as a third party defendant. The third party action is stayed until further order, and the Clerk of the Court is further respectfully directed to place this action on the suspense calendar. The stay is not final and may be vacated if either party demonstrates unfair prejudice or if outstanding issues remain upon completion of the state proceedings.

Counsel are directed to inform the Court within thirty days after the conclusion of the state proceedings as to the determination of the state proceedings.

It is **SO ORDERED:**

Dated: Central Islip, New York

January 23, 2017     /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge