```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SUPERIOR SITE WORK, INC., DIVERSIFIED
CONSTRUCTION CORP., HARRISON
AVENUE PROPERTIES LLC,

                          Plaintiffs,

     -against-

NASDI, LLC,

                          Defendant.
----------------------------------------------------------------x
NASDI, LLC,

                          Third Party Plaintiff,

     -against-

CASE FOUNDATION COMPANY, and THE
CITY OF NEW YORK,

                          Third Party Defendants.
----------------------------------------------------------------x
```

**FILED**
**CLERK**

3:40 pm, May 22, 2017

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM OF**
**DECISION AND ORDER**
14-cv-01061 (ADS)(SIL)

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiffs*
1 Corporate Drive
Suite 103
Bohemia, NY 11716
     By:    Saul D. Zabell, Esq., Of Counsel

**The Law Office of John E. Osborn, P.C.**
*Attorneys for the Defendant and Third Party Plaintiff*
93–02 Sutphin Boulevard
Jamaica, NY 11435
     By:    Daniel H. Crow, Esq., Of Counsel

1

**Peckar & Abramson**
*Attorneys for the Third Party Defendant Case Foundation Company*
41 Madison Avenue
20th Floor
New York, NY 10010
    By:    Alan H. Winkler, Esq., Of Counsel

**New York City Law Department, Office of Corporation Counsel**
*Corporation Counsel for Third Party Defendants the City of New York and the New York City Department of Parks and Recreation*
100 Church Street
Room 3-124
New York, NY 10007
    By:    Amanda M. Papandrea, Assistant Corporation Counsel

**SPATT, District Judge:**

This action arises out of a contract dispute between the parties. The contract concerned work related to the Ocean Breeze Indoor Athletic Facility in Staten Island, New York (the "Ocean Breeze Project"). The City of New York (the "City) and the New York City Department of Parks and Recreation (the "Parks Department") contracted with NASDI, LLC ("NASDI") to build the Ocean Breeze Project. NASDI allegedly subcontracted with Superior Site Work, Inc. ("Superior"), Diversified Construction Corp. ("Diversified"), and Case Foundation Company ("Case"). NASDI allegedly leased office space from Harrison Avenue Properties LLC ("Harrison") during the project.

On January 23, 2017, the Court granted a motion by Case, which also granted in part a motion by the City to hold the third party action in abeyance pending the outcome of certain New York State Supreme Court cases. Superior, Diversified, and Harrison requested similar relief in that they asked the Court to either strike or sever the third party complaint, but the Court denied that motion as moot.

Presently before the Court is a motion by NASDI for reconsideration pursuant to Local Civil Rule 6.3, asking the Court to amend its January 23, 2017 memorandum of decision and order

to state that any breaches of contract are merely alleged breaches; to find that the third Colorado River factor does not favor abstention; and to therefore not hold the third party action in abeyance pending the outcome of the New York State actions. For the following reasons, NASDI's motion is denied in its entirety.

## I. DISCUSSION

### A. The Relevant Legal Standard

Local Civil Rule 6.3 provides that:

> Unless otherwise provided by the Court or by statute or rule (such as FED. R. CIV. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

*Id.* "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is "committed to the sound discretion of the district court." Wilder v. News Corp., 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016) (internal quotation marks omitted) (quoting *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012)); *see also Shrader*, 70 F.3d at 257 (using an abuse of discretion standard to judge a district court's decision on a motion for reconsideration).

"[A] party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016) (internal quotation marks omitted) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)). Nevertheless, reconsideration may be granted because of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Luv n' Care Ltd. v. Goldberg Cohen, LLP*, 2016 WL 6820745, at *1 (S.D.N.Y. Nov. 10, 2016) (internal quotation marks omitted) (quoting *Hollander v. Members of the Bd. of Regents*, 524 F. App'x 727, 729 (2d Cir. 2013) (summary order)); *accord Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted).

**B. Application to the Facts**

As to NASDI's first request for reconsideration—the Court did not make any findings of fact. The Court's statement of facts merely summarized the facts in the pleadings. The Court's January 23rd decision did not render any rulings on the merits of the case. Obviously, any and all facts in the Court's January 23rd order are merely allegations. In the first paragraph of the decision, the Court states that the contracts are alleged. Nothing in the Court's order can be construed as finding against NASDI in any way. NASDI cites no case law in support of their request. Accordingly, NASDI's motion asking the Court to amend its order in this respect is denied.

As to NASDI's request for reconsideration, NASDI's motion merely "regurgitate[s] [] arguments that this Court previously rejected. This is not a proper basis for a motion for reconsideration, and, in any event, [NASDI's] arguments have gained nothing in persuasiveness in the interim." *Charter Oak Fire Ins. Co. ex rel. Milton Fabrics v. Nat'l Wholesale Liquidators*, No. 99 CIV. 5756 (JSR), 2003 WL 22455321, at *1 (S.D.N.Y. Oct. 29, 2003) (citing *Shamis v.*

*Ambassador Factors Corp.,* 187 F.R.D. 148, 151 (S.D.N.Y. 1999); *Shemerhorn v. James,* No. 96 Civ. 980, 1998 U.S. Dist. LEXIS 848, 1998 WL 40205 (S.D.N.Y. Feb. 2, 1998); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.,* 170 F.R.D. 111, 113 (S.D.N.Y. 1997)), *aff'd sub nom. Charter Oak Fire Ins. Co. v. Nat'l Wholesale Liquidators of Lodi, Inc.*, 101 F. App'x 860 (2d Cir. 2004); *see also Am. Nat. Fire Ins. Co. v. Mirasco, Inc.*, 265 F. Supp. 2d 240, 244 (S.D.N.Y. 2003) (denying motions for reconsideration because "[b]ecause both parties are inappropriately seeking another 'bite at the apple' in their motions for reconsideration by presenting the same facts and arguments as were already considered"), *decision supplemented, reconsideration denied*, No. 00 CIV. 5098 (RWS), 2003 WL 22271226 (S.D.N.Y. Sept. 30, 2003).

Accordingly, NASDI's motion for reconsideration is denied in its entirety.

### III. CONCLUSION

For the reasons stated above, NASDI's motion for reconsideration pursuant to Local Civil Rule 6.3 is denied in its entirety.

The Court notes that the parties incorrectly included the New York City Parks Department as a third party defendant in their captions. The Court previously dismissed the Parks Department as a third party defendant. The parties are directed to use the caption included at the beginning of this memorandum of decision and order, and the Clerk of the Court is respectfully directed to amend the official caption to reflect the same.

It is **SO ORDERED:**

Dated: Central Islip, New York

May 22, 2017         _____/s/ Arthur D. Spatt_____

                     ARTHUR D. SPATT

                     United States District Judge