**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
SUPERIOR SITE WORK, INC., DIVERSIFIED
CONSTRUCTION CORP., HARRISON
AVENUE PROPERTIES LLC,

            Plaintiffs,

       -against-

NASDI, LLC,

            Defendant.
----------------------------------------------------------X
NASDI, LLC,

            Third-Party Plaintiff,

       -against-

CASE FOUNDATION COMPANY, and THE
CITY OF NEW YORK,

            Third-Party Defendant.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:14-cv-01061 (ADS)(SIL)

FILED
CLERK
10:56 am, Oct 02, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

## APPEARANCES:

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiffs*
1 Corporate Drive Suite 103
Bohemia, NY 11716
    By:    Saul D. Zabell, Esq., Of Counsel

**The Law Office of John E. Osborn, P.C.**
*Attorneys for the Defendant and Third Party Plaintiff*
93–02 Sutphin Boulevard
Jamaica, NY 11435
    By:    Daniel H. Crow, Esq., Of Counsel

**Peckar & Abramson**
*Attorneys for the Third Party Defendant Case Foundation Company*
41 Madison Avenue 20th Floor
New York, NY 10010
    By:    Alan H. Winkler, Esq., Of Counsel

1

**New York City Law Department, Office of Corporation Counsel**
*Corporation Counsel for Third Party Defendant the City of New York*
100 Church Street Room 3-124
New York, NY 10007
      By:    Amanda M. Papandrea, Assistant Corporation Counsel

**SPATT, District Judge**:

This action arises out of a contract dispute between the parties. The contract concerned work related to the Ocean Breeze Indoor Athletic Facility in Staten Island, New York (the "Ocean Breeze Project"). The City of New York (the "City) and the New York City Department of Parks and Recreation (the "Parks Department") contracted with NASDI, LLC ("NASDI") to build the Ocean Breeze Project. NASDI allegedly subcontracted with Superior Site Work, Inc. ("Superior"), Diversified Construction Corp. ("Diversified"), and Case Foundation Company ("Case"). NASDI allegedly leased office space from Harrison Avenue Properties LLC ("Harrison") during the project.

On January 23, 2017, the Court granted a motion by Case, which also granted in part a motion by the City to hold the third party action in abeyance pending the outcome of certain New York State Supreme Court cases. ECF 102 (the "Stay Order"). For a complete statement of the relevant facts, the Court refers the parties to the Stay Order. *See id.* at 3–5.

Presently before the Court is an August 13, 2018 motion by NASDI to (1) vacate the stay of the third-party action; and (2) postpone the pretrial conference in the main action by Superior against NASDI. ECF 133. For the reasons discussed below, the Court denies the motion.

## I. DISCUSSION

In *Colorado River Water Conservation District v. United States* 424 U.S. 800, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976), the Supreme Court explained that federal district courts may abstain from exercising jurisdiction over a controversy properly before it when parallel state court

litigation could result in the "comprehensive disposition of litigation" and abstention would conserve judicial resources. *Id.* at 817–18. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.,* 673 F.3d 84, 100 (2d Cir. 2012) (internal citations and quotations omitted); *Nat'l Union Firs Ins. Co. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997) ("Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issue and relief sought are the same.").

If the state and federal suits are parallel, federal courts must consider the following six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

In the Stay Order, the Court found the state court actions to be parallel to the third-party action, and that five out of the six aforementioned factors favored abstention. Thus, the Court held that "[t]he interests of all parties will be better served by abstention because consolidation in state court could lead to more efficient factfinding and more reasoned decision-making on these ordinary garden variety issues of state law." ECF 102 at 14 (quoting *De Cisneros v. Younger*, 871 F.2d 305, 309 (2d Cir. 1989)).

3

In its motion, NASDI cites no change of facts, law, or circumstances which would support vacating the stay. Neither does NASDI tie its motion to any of the six factors relevant to the Court's abstention determination. Rather, NASDI asserts that it will suffer prejudice if the main action proceeds to trial without its third-party action. Specifically, NASDI objects that, since Superior's Delay Claim will be tried in the absence of Case and the City, NASDI will be forced to try the same issues again in any subsequent trial in the third-party action. Therefore, according to NASDI, "[t]his would be wasteful and would pose major issue preclusion problems to NASDI, Case and the City, because the delay-related issues would have already been determined in the trial of the Main Case." ECF 133-7 at 6.

However, NASDI raised this exact argument in its opposition to the motion to stay and in its motion to reconsider the Stay Order. *See* ECF 88-1 at 6–7 ("NASDI—not the Plaintiffs—would be prejudiced if the Court were to grant the Motion. It would *promote* judicial economy to have all of the parties, whose activities may have affected the auger cast pile delays (Superior, NASDI, Case and the City), in the same Court at the same trial. This is the only way to eliminate the risks of piecemeal litigation and inconsistent results."); ECF 103-1 at 5 ("[T]he Decision will force NASDI to litigate the auger cast pile installation delays both (1) with the Plaintiffs in this action, and (2) with Case and the City in Case's state court actions. This presents a danger of inconsistent rulings by this Court and the state court, on the same facts and issues.").

Just like its motion for reconsideration, "NASDI's motion merely regurgitates arguments that this Court previously rejected. . . . NASDI's arguments have gained nothing in persuasiveness in the interim." ECF 108 at 4. As the Court explained in the Stay Order, abstaining until the resolution of the state court actions presents the most efficient vehicle for resolving the third-party action, because the state court actions are the only disputes containing all of the relevant parties.

4

Allowing the third-party action to run parallel to the state court actions not only creates a significant risk of conflicting rulings, but also would force the parties to engage in duplicative discovery and repetitive motion practice. ECF 102 at 11–12. The same conclusion remains true today.

As for any prejudice NASDI might suffer from allowing the main action to proceed, the Court finds that there is nothing inherently prejudicial about the fact that an issue decided in one case *may have* preclusive effect in another case. Solely for the purpose of the cause of action between Superior and NASDI, it is certainly possible to determine the extent to which NASDI caused Superior's delays, and whether NASDI is liable for those delays without including the claims involving Case and the City. To the extent that NASDI complains about having to try the same delay-related issues more than once, the Court notes that NASDI represented that it "would not object to splitting the Superior claims and NASDI's related third-party claims off from this federal action and remanding them to [the NYS lien action], leaving only the Diversified and Harrison claims left in this action." *Id.* at 12; ECF 84 at 14. NASDI cannot avoid its obligations in the main action merely because it failed to take efforts to ensure this result once the stay went into effect.

Therefore, the Court will neither vacate the stay nor postpone the pre-trial conference.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** NASDI's motion to vacate the stay and **DENIES** NASDI's motion to postpone the pre-trial conference. The parties are directed to schedule a pre-trial conference with Magistrate Judge Locke.

**SO ORDERED.**

Dated: Central Islip, New York

October 2, 2018

   /s/ Arthur D. Spatt

ARTHUR D. SPATT

United States District Judge