FILED
CLERK
10:41 am, Apr 05, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

SUPERIOR SITE WORK, INC., DIVERSIFIED CONSTRUCTION CORP., HARRISON AVENUE PROPERTIES LLC,

Plaintiffs,

-against-

NASDI, LLC,

Defendant.

---------------------------------------------------------X

NASDI, LLC,

Third-Party Plaintiff,

-against-

CASE FOUNDATION COMPANY, and THE CITY OF NEW YORK,

Third-Party Defendant.

---------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:14-cv-01061 (ADS)(SIL)

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiffs*
1 Corporate Drive Suite 103
Bohemia, NY 11716
By: Saul D. Zabell, Esq., Of Counsel

**The Law Office of John E. Osborn, P.C.**
*Attorneys for the Defendant and Third-Party Plaintiff*
93–02 Sutphin Boulevard
Jamaica, NY 11435
By: Daniel H. Crow, Esq., Of Counsel

**De Luca & Forster**
*Attorneys for the Defendant and Third-Party Plaintiff*
11 Commerce Drive
Cranford, NJ 07016
By: Thomas G. De Luca, Esq., Of Counsel.

**Peckar & Abramson**
*Attorneys for the Third Party Defendant Case Foundation Company*
41 Madison Avenue 20th Floor
New York, NY 10010
    By:    Alan H. Winkler, Esq., Of Counsel

**New York City Law Department, Office of Corporation Counsel**
*Corporation Counsel for Third Party Defendant the City of New York*
100 Church Street Room 3-124
New York, NY 10007
    By:    Amanda M. Papandrea, Assistant Corporation Counsel

**SPATT, District Judge**:

This action arises out of a contract dispute between the parties. The contract concerned work related to the Ocean Breeze Indoor Athletic Facility in Staten Island, New York (the "Ocean Breeze Project"). The City of New York (the "City) and the New York City Department of Parks and Recreation (the "Parks Department") contracted with NASDI, LLC ("NASDI") to build the Ocean Breeze Project. NASDI allegedly subcontracted with Superior Site Work, Inc. ("Superior"), Diversified Construction Corp. ("Diversified"), and Case Foundation Company ("Case"). NASDI allegedly leased office space from Harrison Avenue Properties LLC ("Harrison") during the project.

On January 23, 2017, the Court granted a motion by Case, which also granted in part a motion by the City to hold the third party action in abeyance pending the outcome of certain New York State Supreme Court cases. ECF 102 (the "Stay Order"). For a complete statement of the relevant facts, the Court refers the parties to the Stay Order. *See id.* at 3–5.

Presently before the Court is a motion by NASDI to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). For the reasons explained below, the Court denies NASDI's motion in its entirety.

## I. DISCUSSION

According to NASDI, the Court should abstain from adjudicating the Main Action in deference to the supposedly parallel NYS Lien Action. In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976), the Supreme Court explained that a federal district court may abstain from exercising jurisdiction over a controversy properly before it when parallel state court litigation could result in the "comprehensive disposition of litigation" and abstention would conserve judicial resources. *Id.* at 424 U.S. 817–18. In the Court's view, the Court finds abstention inappropriate in the circumstances of this case.

Before a court evaluates the appropriateness of abstention under *Colorado River*, it must make a threshold determination that the federal and state court cases are "parallel." *Dittmer v. County of Suffolk, 146 F.3d 113*, 118 (2d Cir.1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."). "'Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same.'" *Abercrombie v. College*, 438 F.Supp.2d 243, 258 (S.D.N.Y.2006) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir.1997)). "Perfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *In re Comverse Tech., Inc.*, No. 06-cv-1849, 2006 WL 3193709, at *2 (E.D.N.Y. Nov. 2, 2006) (citing *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir.2004)) (internal citation omitted).

"Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction." *In re Comverse Tech., Inc.*, 2006 WL 3193709, at *2

(citing *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 520 (7th Cir.2001)). If a court finds that the federal and state cases are not parallel, "*Colorado River* abstention does not apply, whether or not issues of state law must be decided by the federal court." *In re Comverse Tech., Inc.*, 2006 WL 3193709, at *4.

If the state and federal suits are parallel, federal courts must consider the following six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

Here, neither the parties nor the claims overlap sufficiently for the Main Action to be considered parallel to the NYS Lien Action. The Court already considered NASDI's exact argument and rejected it in the Stay Order. *See* ECF 102 at 8 ("Diversified and Harrison are not parties to the state cases, and therefore Harrison's claims would not be remedied by the state cases. Therefore, the Court will not stay the federal action brought by Superior, Diversified and Harrison against NASDI[.]"). Just like its failed motion to vacate the stay, NASDI presents nothing new warranting a departure from the Court's previous decision.

Indeed, much of NASDI's argument is identical to its argument in favor of vacating the stay. *Compare* 133-7 at 6 ("If the stay remains in effect, NASDI will be forced to try the same delay-related issues again in a separate trial against Case and the City. This would be wasteful and would

4

pose major issue preclusion problems to NASDI, Case and the City."), *with* ECF 143-15 at 6 ("If Superior's Delay Claim is tried in the absence of Case and the City, NASDI will be forced to try the same issues again in the subsequent trials of the Third-Party Action and the NYS Lien Action. Abstaining from adjudicating the Main Action here would avoid this prejudice."). This is NASDI's now fourth time making the exact same argument. The Court finds it no more persuasive than the first three times it considered the argument.

Moreover, the Main Action involves a number of causes of action absent from the NYS Lien Action, namely, Superior's claim for failure to provide payment for open concrete PSI upgrade change orders; Superior's claim for final payment under the contract; and NASDI's counterclaim that Superior's work was defective and/or incomplete. As a result, it is apparent that deference to the NYS Lien Action would not result in the comprehensive disposition of this litigation, because it would only resolve one of the four claims between the parties. *See Maropakis v. Bank of New York Mellon Tr. Co., N.A.*, No. 13-cv-4744, 2015 WL 13742419, at *11–12 (E.D.N.Y. May 4, 2015) (finding federal and state court actions relating to the same transaction were not parallel because they "concern[ed] a number of different issues"); *Frydman v. Verschleiser*, 172 F. Supp. 3d 653, 664 (S.D.N.Y. 2016) (finding federal and state court actions were not parallel because "[t]he federal action contain[ed] numerous claims that are not included in the state court action"); *Kirby McInerney LLP v. Lee Med., Inc.*, No. 17-cv-4760, 2017 WL 4685101, at *3 (S.D.N.Y. Oct. 16, 2017) (explaining that litigation is not parallel to a federal case " simply because some of the parties are the same and the claims arise out of the same set of facts"); *Am. First Fed., Inc. v. Gordon*, No. 16-cv-3958, 2016 WL 7477564, at *5 (S.D.N.Y. Dec. 29, 2016) (holding federal action alleging that defendants fraudulently placed assets out of reach of creditors bringing claims in state action was not parallel to that state action).

NASDI's contention that Superior and NASDI could interpose their claims and counterclaims in the NYS Lien Action as means of disposing of all claims among the parties holds no water, because the Court may only apply *Colorado River* abstention when the cases are "currently parallel." *State Farm Mut. Auto. Ins. Co. v. Schepp*, 616 F. Supp. 2d 340, 347–48 (E.D.N.Y. 2008); *Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 923 F. Supp. 2d 590, 597–99 (S.D.N.Y. 2013).

Therefore, NASDI failed to clear the initial threshold of establishing that the Main Action parallels the NYS Lien Action, such that the Court need not balance the six *Moses H. Cone* factors.

## II. CONCLUSION

For the foregoing reasons, the Court denies NASDI's motion to dismiss in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York

April 5, 2019

                                                ___/s/ Arthur D. Spatt_____

                                                ARTHUR D. SPATT

                                                United States District Judge